**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SANDERS LAMONT ADAMS, a/k/a**
**Lamont Adams,**

                              **Petitioner,**

               **v.**                                               **9:04-CV-461**
                                                               **(FJS/RFT)**

**M.P. MCGINNIS, Superintendent of**
**Southport Correctional Facility,**

                              **Respondent.**

_____

**APPEARANCES**

**SANDERS LAMONT ADAMS**
**93-A-7902**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-500
Petitioner _pro se_

**SCULLIN, Chief Judge**

## ORDER

        On April 26, 2004, Petitioner Sanders Lamont Adams filed a petition for a Writ of

Habeas Corpus.[1]  _See_ Dkt. No. 1.  By Order dated July 9, 2004, this Court dismissed this petition

because Petitioner failed to comply with this Court's April 28, 2004 Order.  _See_ Dkt. Nos. 2-3.

        On March 17, 2005, Petitioner filed a motion "for reconsideration of the interlocutory

_____

        [1] As Magistrate Judge Homer noted in his September 4, 2003 Report-Recommendation
and Order, Petitioner is an experienced litigator, "having filed twenty-four federal actions in New
York district courts, five in this district alone."  _See Adams v. Spitzer_, No. 9:02-CV-853, at Dkt.
No. 36, at 2 (citation omitted).  Since that time, the number of cases that Petitioner has filed has
increased substantially and includes nineteen petitions for a Writ of Habeas Corpus.

order and judgment entered in this action on the 9th and 12th day of July 2004."[2]  *See* Dkt. No. 6.

Petitioner's motion is rambling and largely unintelligible and does not set forth any basis that

would warrant this Court's reconsideration of its dismissal of his habeas petition or any other

relief with respect to that dismissal.  Rather, Petitioner merely states that he seeks consolidation

of the many cases he has filed in this District and "multiple reliefs pursuant to Fed. R. Civ. P.

60(b)(1) to (6), 42(a)."  *See id.*  Petitioner, however, does not offer any support or explanation as

to why he is entitled to the relief he seeks.

Nonetheless, in light of Petitioner's *pro se* status, the Court has reviewed his motion to

determine if he has established any of the factors that would permit the Court to grant his motion

as either a motion to reconsider or a motion to vacate and finds that he has not.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening

change in the controlling law; (2) new evidence not previously available comes to light or (3) it

becomes necessary to remedy a clear error of law or to prevent manifest injustice."  *Delaney v.*

*Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*,

709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

Petitioner has not established that any of these three factors support his request for

reconsideration.  Therefore, because Petitioner has not set forth any meritorious basis for the

Court to reconsider either its July 9, 2004 Order or its July 12, 2004 Judgment, the Court must

deny his motion to the extent that it is construed as a motion for reconsideration.

As noted, the Court has also reviewed Petitioner's motion as one seeking to vacate this

---

[2] The Court notes that Petitioner filed fifteen motions to vacate or for reconsideration in
fourteen different cases in this District between December 9, 2004, and March 23, 2005.

Court's July 12, 2004 Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) sets forth the following six grounds upon which a court can grant relief from a

judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has been
> reversed or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any other
> reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a

litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States*

*Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted).  Moreover, Rule 60(b)

motions are left to the sound discretion of the district judge.  *See Nat'l Petrochemical Co. of Iran*

*v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (holding that "[a] motion to vacate a

judgment under Fed. R. Civ. P. 60(b) is addressed to the sound discretion of the trial court . . . ."

(citations omitted)).

The Court finds that Petitioner has not established that any of these factors support his

motion.  Moreover, Petitioner has not included anything in his present submissions to suggest

that this Court's dismissal of this action was in any way erroneous.  Therefore, because Petitioner

has not set forth any basis for the vacation of the Court's July 12, 2004 Judgment, the Court

denies his motion.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's motion for reconsideration or to vacate is **DENIED**; and the

Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner by regular

mail.

**IT IS SO ORDERED.**

Dated: April 13, 2005
       Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge